UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
DANIEL SALINSKY,

                Plaintiff,

-against-

ANDREW CUOMO,
Attorney General of the State of New York,

                Defendant.
-----------------------------------------------------------X
MAUSKOPF, United States District Judge:

NOT FOR PUBLICATION

MEMORANDUM & ORDER
10-CV-4064 (RRM)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D N.Y.

★ OCT 28 2010 ★

BROOKLYN OFFICE

On September 1, 2010, plaintiff Daniel Salinsky, currently incarcerated at the Otis Bantum Correctional Center ("OBCC") at Rikers Island, filed this *pro se* action pursuant to 28 U.S.C. § 2403 challenging New York Penal Law § 125.25 (murder in the second degree). By Memorandum and Order dated September 22, 2010, the Court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directed plaintiff to file an amended complaint within 30 days. On October 5, 2010, plaintiff filed an amended complaint.

## BACKGROUND

Plaintiff's statement of claim is essentially the same as in the original complaint filed and therefore does not cure the deficiencies noted by the Court. Am. Compl. at 1.[1] In addition, plaintiff now makes clear that he seeks his immediate release and "to dismiss all criminal

---

[1] The amended complaint is not paginated, therefore, the Court refers to the page assigned by the Electronic Case Filing system.

1

charges pending against me as these charges are declare [sic] unconstitutional under the United States Constitution." Am. Compl. at 2. Plaintiff does not seek damages.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, the Court must screen a civil complaint brought by a prisoner against a government entity or its agents and dismiss the complaint or any portion of the complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (discussing *sua sponte* standard of review under § 1915A for prisoners).

Furthermore, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Although a *pro se* complaint must contain sufficient factual allegations to meet the plausibility standard, it is still held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and the Court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest. *Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009).

## DISCUSSION

Although plaintiff brings this action pursuant to 28 U.S.C. § 2403 and Rule 5.1 of the Federal Rules of Civil Procedure, what plaintiff seeks is the Court's intervention in an ongoing

2

criminal proceeding. *See* Am. Compl. at 2. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that the district court could not enjoin an ongoing state prosecution, regardless of whether the law under which the plaintiff was being prosecuted was constitutional, citing, *inter alia*, the principles of federalism central to the United States Constitution. The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court," *Hansel v. Town Court for the Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995) (citations omitted), unless plaintiff can demonstrate extraordinary circumstances warranting intervention in the ongoing proceeding.

Plaintiff challenges the State's authority to prosecute him and seeks this Court's intervention. Hence, the elements for *Younger* abstention are met: (1) there is a criminal case against plaintiff still pending, *see* Am. Compl. at 2;[2] (2) New York has an important state interest in enforcing its criminal laws; and (3) plaintiff is free to raise his claims of constitutional violations in the pending criminal proceeding. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."); *Schlagler v. Phillips*, 166 F.3d 439 (2d Cir. 1999) (*Younger* abstention applied to dismiss complaint alleging violation of criminal defendant's constitutional rights); *Hansel*, 56 F.3d at 393 (*Younger* abstention applied to dismiss complaint

---

[2] In addition, the Court takes judicial notice that plaintiff – identified by his name and book and case number 541-09-01289 – was arrested on May 26, 2009 and charged with murder in the second degree under New York Penal Law § 125.25, which is currently pending. *See* http://nyc.gov/inmatelookup (last visited 10/13/10).

alleging use of non-lawyer judges in town court violated criminal defendant's constitutional rights).

## CONCLUSION

Accordingly, this action, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915A(b). Because the Court did not consider whether the state law is constitutional, the Court declines to certify this question to the Attorney General of the State of New York pursuant to 28 U.S.C. § 2403. *Johnson v. Artuz*, 182 F.3d 900 (2d Cir. 1999); *Romaine v. Rawson*, No. 9:99-CV-603, 2004 WL 1013316, at *2 n.1 (N.D.N.Y. May 6, 2004). The Court, however, certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 27, 2010

s/Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge